UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LINNIE LOU ARCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00486-JMS-DLP |
| | ) |
| CSX TRANSPORTATION CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant CSX Transportation Corporation's ("CSX") Motion to Dismiss. [Filing No. 20.] Ms. Archer alleges that CSX discriminated against her because of her gender and her disability. [Filing No. 7.] CSX seeks dismissal of Ms. Archer's disability discrimination and retaliation claims in her Amended Complaint pursuant to Rule 12(b)(6). CSX argues that the disability claims are newly asserted and fail to relate back to her original Complaint under Rule 15(c). CSX contends that because the claims do not relate back, they were filed more than 90 days after she received her right to sue letter, and are therefore time barred. For the reasons set forth below, CSX's Motion to Dismiss is **DENIED**.

### I.
### LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635

F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculation level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

**A. EEOC Complaint**

On July 15, 2015, Ms. Archer filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging that she was terminated for a rule violation and that she was "held to different levels than males when it comes to disciplinary actions." [1] [Filing No. 21-1 at 2.] Ms. Archer further claimed that males who were previously terminated were offered their jobs back. [Filing No. 21-1 at 2.] She also stated that she had an undisclosed disability covered under the Family and Medical Leave Act ("FMLA") and that her "disability is why [she] got suspended." [Filing No. 21-1 at 2-3.] Ms. Archer's Charge concluded, "I believe I have been discriminated against because of my sex, female, and retaliated against in

---

[1] CSX attached Ms. Archer's EEOC Charge and Notice of Right to Sue Letter ("Right to Sue Letter") to its Motion to Dismiss. In addition to the allegations set forth in the Amended Complaint, the Court may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing cases). Because Ms. Archer's EEOC Charge and Right to Sue Letter are both central to and referenced in her Amended Complaint, the Court will consider them for purposes of this Motion to Dismiss.

2

violation of Title VII … and because of my disability in violation of the Americans with Disabilities Act." [Filing No. 21-1 at 3.]

Ms. Archer received her Right to Sue Letter from the EEOC on July 26, 2017. [Filing No. 21-1 at 4.] Thus, to be timely, Ms. Archer had to file her lawsuit by October 24, 2017.

**B. Original Complaint**

On October 26, 2017, Ms. Archer, acting pro se, submitted a handwritten Complaint against CSX and several CSX employees. [Filing No. 1.] Ms. Archer alleged that she was discriminated against because she is "a women [sic]." [Filing No. 1 at 2.] On August 13, 2012, she claims that she was called to testify against her conductor, but during the testimony, the "terminal Superintendent turned off the tape recorder and threaten[ed] to fire [her]." [Filing No. 1 at 2.]

After reporting how she had been treated, Ms. Archer claims that she endured harassment from two male CSX managers. [Filing No. 1 at 4.] She alleges that this culminated in her termination by CSX. [Filing No. 1 at 4.] Ms. Archer alleges that three other women were fired as well, and notes that she was "1 of 7 girls out of 100's of men." [Filing No. 1 at 4.]

Ms. Archer also states that she has "[Post-Traumatic Stress Disorder], [CSX] [has] violated my FMLA." [Filing No. 1 at 4.] Ms. Archer further claims that she has applied for mental disability from CSX and noted that "[my] psychiatrist, Dr. John Gonzalez has several notes, where I have had bad periods while working for the Railroad where he has had to take me off work because of the stress. He has been working with me for several years." [Filing No. 1 at 5.]

She concludes, "You can not [sic] imagine being a women [sic] who was messed with over their [sic]." [Filing No. 1 at 5.]

### C. Amended Complaint

On November 30, 2017, Ms. Archer, by counsel, filed her Amended Complaint. [Filing No. 7.] Ms. Archer seeks relief under both the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). [Filing No. 7 at 1.] In addition to gender discrimination, Ms. Archer alleges that she is a qualified individual with a disability suffering from depression and severe anxiety. She further alleges that in February 2013, she applied for, and was granted, intermittent leave with CSX under the Family and Medical Leave Act ("FMLA") for episodes of depression and anxiety. [Filing No. 7 at 3.] In August 2013, Ms. Archer claims that CSX suspended her for thirty days for utilizing previously approved FMLA leave. [Filing No. 7 at 3.] Finally, Ms. Archer states that "[CSX] terminated Archer because of her disability, and otherwise subjected Archer to less favorable terms, conditions, and privileges of employment because of her disability." [Filing No. 7 at 5.] She also claims that CSX retaliated against her for exercising her ADA rights by seeking intermittent leave under the FMLA. [Filing No. 7 at 6.]

### III.
### DISCUSSION

CSX moves for dismissal of Counts I and II of Ms. Archer's Amended Complaint, each of which are claims for discrimination and retaliation under the ADA. CSX argues that Ms. Archer asserted her ADA discrimination and retaliation claims more than 90 days after the receipt of her Right to Sue letter from the EEOC and, therefore, those claims must relate back to the original Complaint pursuant to Rule 15(c) in order to be timely filed. CSX claims that Ms. Archer's original Complaint does not refer to any disability discrimination or retaliation claims under the ADA. [Filing No. 21 at 3.] Thus, CSX contends that Ms. Archer only asserted a sex discrimination claim in her original Complaint, which renders her ADA claims time barred.

4

Ms. Archer responds that the original Complaint did in fact reference Ms. Archer's disability, albeit not in nearly as organized a fashion as the Amended Complaint. [Filing No. 26 at 1-2.] Nonetheless, Ms. Archer filed her original Complaint pro se, and urges the Court to consider the allegations under more relaxed standards as a result of her pro se status at the time of filing. [Filing No. 26 at 1-2.]

Rule 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when: … (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." "[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549-50 (2010). Determining whether to apply the relation back doctrine requires the Court to decide "whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) (citations omitted).

The Seventh Circuit has noted that, even after *Iqbal* and *Twombly*, "the pleading standards for pro se plaintiffs are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.* 722 F.3d 1014, 1027-28 (7th Cir. 2013) (citations omitted). Although Ms. Archer's original Complaint could have been more precise in setting forth her claims, she adequately pleaded facts to put CSX on sufficient notice of her ADA claims, especially considering the wider latitude afforded to pro se filings. Ms. Archer noted that she has PTSD and, in the same sentence, states that CSX violated her rights under the FMLA. [Filing No. 1 at 4.] She also alleges that she had applied for mental disability

5

from CSX and had "bad periods" while working for CSX that required her psychiatrist to take her off work because of the stress. [Filing No. 1 at 5.] It should come as no surprise to CSX that Ms. Archer's original Complaint sought, or at least attempted, to address these grievances, which she expounded on in her Amended Complaint filed by counsel. To conclude otherwise would undermine the purpose of the relation back doctrine, which "has its roots in the equitable notion that dispositive decisions should be based on the merits rather than technicalities." *Woods v. Ind. Univ. Purdue at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993). Because the ADA claims set forth in Ms. Archer's Amended Complaint relate back to those in her original Complaint, they are timely and CSX's Motion to Dismiss must be denied.

## IV.
### CONCLUSION

For the foregoing reasons, CSX's Motion to Dismiss is **DENIED**. [20.]

Date: 4/17/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**